IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| In re: | Case No. 14-50652 |
| New Century Fabricators, Inc., | Chapter 11 |
| *Debtor*. | Judge Robert Summerhays |

## EMERGENCY MOTION TO DISMISS

**NOW INTO COURT**, through undersigned counsel, comes Robert Schleizer, Temporary Receiver of New Century Fabricators, Inc. ("Receiver"), who files this *Emergency Motion to Dismiss*.[1] In support, Receiver represents:

On May 22, 2014, the 15th Judicial District for the Parish of Lafayette, State of Louisiana (the "State Court") entered the *Order Granting Ex Parte Appointment of a temporary Receiver; and Ex Parte Injunction Against Corporation, Directors, Officers Agents and Shareholders* (the "Receivership Order").[2] Pursuant to the Receivership Order, the State Court, among other things:[3]

1. Appointed Mr. Robert Schleizer of BlackBriar Advisors, LLC ("BlackBriar") as Temporary Receiver of New Century Fabricators, LLC ("New Century"); and

2. Enjoined James and Brennan Castille (collectively, the "Castilles") from disposing of property belonging to New Century and changing New Century's affairs to the injury of FCC, LLC d/b/a First Capital ("First Capital").

---

[1]   By separate motion or through a telephone conference with the Court, Receiver shall seek emergency consideration of the relief requested herein. Further, given the expedited and emergency nature of the filing of this Motion, Receiver reserves the right to supplement and amend this Motion and to present evidence and adduce testimony at the hearing on this Motion.

[2]   A copy of the Receivership Order is attached hereto as Exhibit R-1 and is incorporated herein by reference.

[3]   The following is a summary only. For the complete terms and conditions of the Receivership Order, please see said order, which is attached hereto as Exhibit R-1.

With full knowledge of the injunction against him, James C. Castille ("James Castille"), caused a Chapter 11 petition to be filed ostensibly on behalf of New Century on May 30, 2014 at 4:09 p.m. C.D.T.[4] Along with the petition, James Castille also filed "corporate resolution."[5] Despite James Castille's representations that he was authorized to file the petition, James Castille neglected to mention or make note of the Receivership Order.

A voluntary case is commenced by the filing of a petition for relief by an entity who may be a debtor. 11 U.S.C. § 303. It is generally accepted that a bankruptcy case filed on behalf of an entity by one without authority under state law to so act for that entity is improper and must be dismissed. *See*, *e.g.*, *Hager v. Gibson*, 108 F.3d 35, 38-39 (4th Cir. 1997) (citing *Price v. Gurney*, 324 U.S. 100, 106 (1945)); *In re Gen-Air Plumbing & Remodeling, Inc.*, 208 B.R. 426, 430-31 (Bankr.N.D.Ill.1997); *In re Arkco Properties, Inc.*, 207 B.R. 624, 627-28 (Bankr. E.D.Ark.1997).

Under Louisiana law, James Castille lacked authority to file the petition. Louisiana law posits that the appointment of a receiver divests a juridical entities assets and affairs from its principals. *See Kaufman & Enzer Joint Venture v. Bethlan Production Corp.*, 459 So.2d 60, (La. App. 2 Cir. 1984) ("The effect of the appointment of a receiver is to wrest the administration of a corporation's assets and affairs from its officers, and vest a qualified title in the corporation's property to a court-appointed officer who is empowered to administer the corporation's affairs in a manner designed to safeguard the interests of the corporation's creditors, debtors and stockholders.") (citing *Reynaud v. Uncle Sam Planting & Mfg. Co.*, 152 La. 811, 94 So. 405 (La. 1922); *J.B. Beaird Corp. v. Johnson*, 152 So. 789 (La. App. 2 Cir. 1934).

---

[4]     R. at 1.

[5]     R. at 2.

The Receivership Order clearly divested James Castille (New Century's former president) from the management of New Century. The Receivership Order vested management in Receiver. Thus, only Receiver was empowered and authorized to file a bankruptcy petition for New Century – which he did not. Accordingly, the Court should dismiss this case because James Castille did not have the requisite authority to file New Century's Chapter 11 petition.

This result – dismissal – is also consistent with influential case law from the Eastern District of Louisiana. In *In re Delta Starr Broadcasting, L.L.C.*, 2006 WL 285974 (E.D. La. Feb. 6, 2006), Judge Sarah Vance likened the filing of filing of a bankruptcy petition to the transfer of substantially all of the debtor's assets to the bankruptcy estate. *Id*. at \*4 (citations omitted).

Here, the Receivership Order enjoins James Castille from, *inter alia*, "disposing of any property belonging to New Century Fabricators, Inc.….."[6] Thus, James Castille lacked authority to – and was explicitly enjoined from – transferring New Century's assets from the company to the bankruptcy estate. Accordingly, the Court should dismiss this case because James Castille was enjoined from transferring New Century's assets.

Finally, the Receivership Order enjoined James Castille from "changing the status of New Century Fabricators, Inc.'s affairs to the injury of FCC, LLC . . ." without the express written permission of the Receiver. Filing a bankruptcy case and effectively seeking to dislodge Receiver from control over the corporate affairs certainly would fall within the category of "status change." Thus, the case should be dismissed because James Castille did not have express written consent from the Receiver to file the matter and change the status of the corporate affairs.

---

[6]     Receivership Order at ¶2(b).

WHEREFORE, Receiver requests the entry of an Order (i) dismissing this case and (ii) granting such further and additional relief as the facts may warrant and justice so requires.

**STEWART ROBBINS & BROWN, LLC**

By: **/s/ Brandon A. Brown**
P. Douglas Stewart, Jr. (La. Bar No. 24661)
Brandon A. Brown (La. Bar No. 24627)
Ryan J. Richmond (La. Bar No. 30688)
620 Florida Street, Suite 100
Baton Rouge, LA 70801-1741
Telephone: (225) 231-9998
Facsimile: (225) 709-9467
E-mail: dstewart@stewartrobbins.com
E-mail: bbrown@stewartrobbins.com
E-mail: rrichmond@stewartrobbins.com

*Attorneys for Robert Schleizer, Temporary Receiver of New Century Fabricators, Inc.*

4

**Exhibit R-1**

**Receivership Order**



FCC, LLC d/b/a FIRST CAPITAL,

    Plaintiff

VERSUS

NEW CENTURY FABRICATORS, Inc.;
JAMES C. CASTILLE; and
BRENNAN J. CASTILLE,

    Defendants

15th JUDICIAL DISTRICT COURT

PARISH OF LAFAYETTE

STATE OF LOUISIANA

DOCKET NO: _____

FILED: _____

DEPUTY CLERK

## ORDER GRANTING *EX PARTE* APPOINTMENT OF A TEMPORARY RECEIVER; AND *EX PARTE* INJUNCTION AGAINST CORPORATION, DIRECTORS, OFFICERS, AGENTS AND SHAREHOLDERS

  **THIS CAUSE** coming on to be heard before the undersigned District Court Judge presiding upon the Petition for Appointment of a Receiver; *Ex Parte* Appointment of a Temporary Receiver; and *Ex Parte* Injunction Against Corporation, Directors, Officers, Agents and Shareholders (the "*Petition*") pursuant to LA. REV. STAT. 12:151 and good cause having been shown,

  **IT IS HEREBY ORDERED** that the *ex parte* relief requested by the Petition is **GRANTED** as follows:

1. Robert Schleizer of BlackBriar Advisors, LLC is hereby appointed as Temporary Receiver of New Century Fabricators, Inc. to serve in this capacity until the appointment of a receiver after trial or upon dismissal of this proceeding and is accorded all powers available to a permanent Receiver pursuant to LA. REV. STAT. 12:152, LA. REV. STAT. 12:146(C); and LA. REV. STAT. 12:145(C).

2. Subject to Plaintiff's provision of a bond in the amount of US$ 2,500.00 to the Clerk of this Court, Defendants James Castille and Brennan Castille, individually and as directors, officers, agents and/or shareholders of New Century Fabricators, Inc., are enjoined from –

- 1 -

RECEIVED AND FILED
DATE 5-21-14
LAFAYETTE PARISH CLERK OF COURT

a. access to any and all computer and accounting systems belonging to and/or utilized by New Century Fabricators, Inc. and to the premises of New Century Fabricators, Inc.;

b. disposing of any property belonging to New Century Fabricators, Inc.; and

c. changing the status of New Century Fabricators, Inc.'s affairs to the injury of FCC, LLC d/b/a First Capital (specifically including contacting any customers of New Century Fabricators, Inc. without the express written permission of a Court appointed receiver (temporary or permanent) for New Century Fabricators, Inc.).

**SO ORDERED** this _22_ day of May, 2014, at Lafayette, Louisiana.

_[signature]_

**DISTRICT JUDGE PRESIDING**

_Hearing to consider a permanent receiver, if any, is hereby set for July 14ᵗʰ 2014 at 10:00 AM._

_MAY 22 2014_

_[signature]_

- 2 -

2014913_3