UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:<br><br>NEW CENTURY FABRICATORS, INC.,<br><br>    DEBTOR | CASE NO. 14-50652<br><br>CHAPTER 11<br><br>JUDGE ROBERT SUMMERHAYS |

JOINDER IN EMERGENCY MOTION TO DISMISS
WITH MEMORANDUM IN SUPPORT

---

**NOW INTO COURT**, by and through the undersigned counsel, comes FCC, LLC d/b/a First Capital ("*First Capital*"), who joins in the Emergency Motion to Dismiss (R. at 7) filed by Robert Shleizer, in his capacity as Temporary Receiver (the "*Receiver*") for New Century Fabricators, Inc. ("*New Century*") respectfully stating as follows:

BACKGROUND

On May 21, 2014, First Capital filed a Petition for Appointment of a Receiver; Ex Parte Appointment of a Temporary Receiver; and Ex Parte Injunction Against Corporation, Directors, Officers, Agents and Shareholders in the 15th Judicial District Court under Docket No. 2014-2661-F (the "*Receivership Petition*") against New Century, James Castille and Brennan Castille. A copy of the Receivership Petition and its exhibits is attached hereto and incorporated by reference herein as **EXHIBIT 1**.

- 1 -

New Century is a metal fabrication company with registered offices in Lafayette, Louisiana and operations in New Iberia, Louisiana. Up until the appointment of the Receiver, New Century's Chief Executive Officer has been James Castille, a CPA and New Century's Chief Financial Officer has been Brennan Castille, James Castille's son.

First Capital is a secured creditor of New Century who has provided working capital financing to New Century since July 19, 2006 pursuant to a Loan and Security Agreement and various subsequent amendments and extensions thereto (collectively, the "*Loan Agreement*") which grants First Capital a security interest in, among other things, New Century's Accounts and Inventory.[1]

Pursuant to the Loan Agreement, New Century has delivered weekly Borrowing Base Certificates and periodic Compliance Certificates to First Capital which were certified as true and correct by either New Century's Chief Executive Officer or its Chief Financial Officer.[2] Each Borrowing Base Certificate stated the total size of New Century's Accounts and then calculated the size of New Century's Eligible Accounts after making downward adjustments to eliminate, among other things –

　　a. Accounts which are over 90 days old;

　　b. Accounts subject to credit for offset or recoupment; and

　　c. Accounts for which services have not yet been rendered to New Century's Customer or goods sold have not yet been delivered to New Century's Customer (commonly referred to as "Pre-Billed Accounts").

---

[1] See Exhibit A to the Receivership Petition (Exhibit 1).

[2] See Exhibits D & E to the Receivership Petition (Exhibit 1).

- 2 -
2022175_2

14-50652 - #14  File 06/03/14  Enter 06/03/14 16:42:26  Main Document  Pg 2 of 8

Pursuant to the Loan Agreement and subject to an overall credit limit of $6.5 million, First Capital agreed to make working capital loans to New Century of up to 85% of the Eligible Accounts calculated in the weekly Borrowing Base Certificates.

In response to growing concerns about New Century's financial performance, New Century - with the consent of First Capital - engaged Black Briar Advisors, LLC ("**BlackBriar**") under the direction of its Managing Partner, Robert Schleizer (now the Receiver) in December, 2013 to provide financial advisory services. On April 1, 2014, the scope of BlackBriar's services to New Century was expanded to include a review of New Century's accounting, internal control processes and personnel related to billing, financial reporting and cash management. Shortly thereafter, BlackBriar discovered a number of repeated irregularities which have had the direct effect of overstating the size of New Century's Accounts and Borrowing Base as reported to First Capital. The fraudulently overstated Borrowing Base Certificates and Compliance Certificates enabled New Century to receive working capital loans from First Capital which were far in excess of those it was actually eligible to receive.

BlackBriar's discovery and disclosure of these irregularities led to a second expansion of its scope of engagement on April 24, 2014 to include assisting New Century in obtaining interim financing from First Capital; restructuring its finances and facilitating a refinancing of its working capital financing.

At about this same time, First Capital exercised its rights under the Loan Agreement and engaged CBIZ MHM, LLC ("**CBIZ**"), through its Managing Director, Gary Rosen, CPA, CFE, CFF, CGMA, to conduct a thorough on-site review of New Century's Accounts as reported in its weekly Borrowing Base Certificates as well as the accuracy of financial statements New Century routinely provided to First Capital as required by the Loan Agreement.

- 3 -
2022175_2

14-50652 - #14  File 06/03/14  Enter 06/03/14 16:42:26  Main Document  Pg 3 of 8

CBIZ's investigation confirmed the existence of the irregularities initially discovered by BlackBriar. CBIZ categorized the nature of these irregularities into several broad categories:

a. Fraudulent Invoices – Customer invoices generated (i) without any basis whatsoever and/or (ii) for non-existent Change Orders and/or (iii) for customer jobs which had previously been cancelled;

b. Fraudulent Pre-Billings – Customer invoices generated (i) in advance of the receipt of a purchase order from the customer and/or (ii) in advance of the actual attainment of billing milestones;

c. Fraudulent Failure to Record / Report Credit Invoices for Unperformed Work – Failure to reduce New Century's reported Borrowing Base by any credits issued on outstanding customer invoices;

d. Fraudulent Misapplication of Payments – Mis-application of customer payments to outstanding accounts receivable which were about to otherwise be excluded from New Century's Borrowing Base due to their age; and

e. Fraudulently Booked Expenditures – Generation of fraudulent expense items booked on New Century's balance sheet to hide prohibited payments to insiders including, but not necessarily limited to, payment of personal expenses and covert compensation for members of the Castille family.

Based upon CBIZ's own investigation and its interviews with various members of New Century's accounts receivable, operations and production departments, CBIZ identified Brennan Castille and James Castille as the source of these irregularities and CBIZ estimates that the value of New Century's total Accounts Receivable as reported by Brennan Castille, New Century's Chief Financial Officer and James Castille, New Century's Chief Executive Officer at the

- 4 -
2022175_2

14-50652 - #14   File 06/03/14   Enter 06/03/14 16:42:26   Main Document   Pg 4 of 8

beginning of May, 2014 was <u>falsely inflated by in excess of $4.5 million</u>.[3] When this overstatement is properly recognized on the balance sheet of New Century, the company's present stockholder equity is reduced to a deficit in excess of ($500,000), making New Century altogether and grossly insolvent.[4]

This situation is not confined to the present as CBIZ's investigation reveals that false Borrowing Base Certificates and financial statements incorporating improperly inflated values for New Century's Accounts and Borrowing Base have been repeatedly created, executed and delivered over time by James Castille and Brennan Castille to First Capital via U.S. Mail and/or wire communication and utilized to fraudulently obtain financing from First Capital for New Century.[5]

Moreover, BlackBriar was unable to restrict continued access by Brennan Castille to New Century's computers and financial records despite agreement by James Castille.[6] This, together with continued active interference with First Capital's rights under the Loan Agreement[7] led to the filing of the Receivership Petition in the 15th Judicial District Court under Docket No. 2014-2661-F on May 21, 2014.

Because of the nature and size of the fraud which had been committed against First Capital by James Castille and Brennan Castille, First Capital sought and obtained immediate *ex parte* relief under LA. REV. STAT. 12:151 in the form a May 22, 2014 Order (the "**Receivership**

---

[3] See Paragraph 29 of the Receiver Petition (Exhibit 1).

[4] See Affidavit of Gary Rosen / CBIZ – Exhibit I to the Receiver Petition (Exhibit 1).

[5] *Id*.

[6] See Paragraphs 31 & 32 of the Receiver Petition and Affidavit of Robert Shleizer – Exhibit J to the Receiver Petition (Exhibit 1).

[7] See Paragraph 33 of the Receiver Petition (Exhibit 1).

*Order*") from the Hon. Glennon P. Everett, a copy of which is attached hereto and incorporated by reference herein as **EXHIBIT 2**. The Receivership Order appointed Robert Schleizer as Receiver, according him all powers available to a permanent Receiver pursuant to LA. REV. STAT. 12:152, LA. REV. STAT. 12:146(C); AND LA. REV. STAT. 12:145(C)[8] and enjoining James Castille and Brennan Castille from:

a. Access to any and all computer and accounting systems belonging to and/or utilized by New Century and to the premises of New Century;

b. Disposing of any property belonging to New Century; and

c. Changing the status of New Century's affairs to the injury of First Capital (specifically including contacting any customers of New Century without the express written permission of a Court appointed receiver (temporary or permanent) for New Century).

Copies of the Receivership Order were immediately provided to Stanley Blackstone, Registered Agent of New Century, James Castille and Brennan Castille so that they might be placed on notice of its existence and provisions.[9]

### JOINDER AND SUPPORT OF EMERGENCY MOTION TO DISMISS

First Capital joins the Receiver's Emergency Motion to Dismiss (R. at 7) and endorses the arguments presented therein and in supplements by the Receiver.

The activities of James Castille and Brennan Castille as detailed herein and more fully in the Receivership Petition (Exhibit 1) have not merely damaged First Capital. These activities

---

[8] The text of these cited statutes is attached hereto and incorporated by reference herein as **EXHIBIT 3**.

[9] A copy of First Capital's transmittal letter (less Receivership Order which is already attached to this Memorandum as Exhibit 2) is attached hereto and incorporated by reference herein as **EXHIBIT 4**. Copies of this document and the Receivership Order were sent to the recipients via email, First Class Mail and Certified Mail.

have also imperiled the jobs of numerous New Century employees and demonstrated a blatant disregard for the rights of any other creditors doing business with New Century under false pretenses.

Now, despite knowledge of the Receivership Order, James Castille has acted in defiance of its clear provisions, in the face of a complete lack of authority under Louisiana law, and with a lack of candor with this Court, to file a Chapter 11 petition. In doing so, James Castille has introduced additional, unnecessary cost and complications into the activities of New Century, further weakening its prospects.

The present unauthorized bankruptcy filing needs to be dismissed. Upon his appointment, the Receiver supplanted the officers and directors of New Century. *Wheelahan v. Ungar & Wheelahan, P.L.C.*, 657 So.2d 789, 791 (La.App. 4 Cir.,1995). Where, as here, the appointment of a receiver vests the right to control corporate property, the directors and officers of New Century have been, by the Receiver's appointment, deprived of authority over or control New Century's property. *Kaufman & Enzer Joint Venture v Bethlan Production Corp.*, 459 So.2d 60 (La.App. 2 Cir.1984). Under applicable Louisiana law, the Receiver alone possesses the authority to file a bankruptcy petition for New Century.


## PRAYER FOR RELIEF

**WHEREFORE**, in light of the factual background presented herein and in adoption and agreement with the reasons and authority presented in the Receiver's Emergency Motion to Dismiss and the Receiver's supplements thereto.  FCC, LLC d/b/a First Capital prays that this Court will **GRANT** the Emergency Motion to Dismiss filed by Robert Shleizer, Temporary Receiver of New Century Fabricators, Inc., **AND DISMISS** this case while providing such other and further relief as it may deem just and proper.

Respectfully submitted,

**GORDON, ARATA, MCCOLLAM,
 DUPLANTIS & EAGAN, LLC**

__/s/ *Armistead M. Long*_____
Samuel E. Masur (La. Bar Roll # 1221)
Gerald H. Schiff (La. Bar No. 11775)
Armistead M. Long (La. Bar Roll # 33949)
400 East Kaliste Saloom Road, Suite 4200
Lafayette, Louisiana 70508
Email: smasur@gordonarata.com
       gschiff@gordonarata.com
       along@gordonarata.com
Phone: (337) 237-0132
Fax: (337) 237-3451

*Attorneys for FCC, LLC d/b/a First Capital*